1290 Avenue of the Americas
New York NY 10104
212.390.9000

**Selendy Gay**

Joshua S. Margolin
Partner
212.390.9022
jmargolin@selendygay.com

> **MEMO ENDORSED**
>
> A pre-motion conference will be held on Thursday, February 6, 2025, at 10:00 AM in Courtroom 619 at the Thurgood Marshall United States Courthouse. Movants are directed to serve a copy of this order on Respondent and file proof of service on ECF.
>
> It is SO ORDERED.
>
> _[signature]_
> Edgardo Ramos, U.S.D.J.
> Dated:  1/15/2025
> New York, New York

December 9, 2024

**Via ECF**

U.S. District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *In re Subpoena to Daniel J. Scavino Jr.* No. 7:24-mc-566
          Underlying Action: *Smith v. Trump*, No. 21-cv-02265 (D.D.C.)
          Letter-Motion for a Pre-Motion Conference

Your Honor:

   We represent U.S. Capitol Police Officers Conrad Smith, Danny McElroy, Byron Evans, Governor Latson, Melissa Marshall, Michael Fortune, Jason DeRoche, and Reginald Cleveland (collectively, "Movants") in the pending action *Smith v. Trump*, No. 21-cv-02265 (D.D.C.) (the "Underlying Action").[1] We write, pursuant to Fed. R. Civ. P. 45(d) and Local Civil Rule 37.2, to request a pre-motion conference regarding Movants' intended motion to enforce Movants' non-party subpoena *duces tecum* to Daniel Scavino Jr. ("Mr. Scavino").

I.    **Factual & Procedural Background**

   Movants are eight U.S. Capitol Police Officers who served and were injured at the U.S. Capitol on January 6, 2021. Seven months later, they brought the Underlying Action in the U.S. District Court for the District of Columbia against several defendants for conspiring to carry out and carrying out the January 6, 2021 attack on the U.S. Capitol and precipitating events, including the "Save America

---

[1] The Underlying Action was consolidated with *Lee v. Trump*, No. 21-cv-400 (D.D.C), on February 16, 2024, for purposes of discovery solely on Defendant Trump's claim of presidential immunity. Order, *Lee*, No. 21-cv-400 (D.D.C), ECF No. 78 (Feb. 16, 2024). Discovery against other defendants remains ongoing.

U.S. District Judge
December 9, 2024

Rally" on the same date. A copy of the operative complaint in the Underlying Action is attached as Exhibit A.

Mr. Scavino is a former Trump campaign advisor who also served in the Trump Administration as Director of Social Media (2017-2021) and as Deputy Chief of Staff for Communications (2020-2021).

On August 28, 2024, Movants served a subpoena *duces tecum* (the "Subpoena") on Mr. Scavino at his home in New York, pursuant to CPLR 308(1). Ex. B (redacted copy of Subpoena); Ex. C (redacted copy of proof of service). Mr. Scavino was required to respond or object to the Subpoena by September 13, 2024, which he did not do.

Since then, Movants have repeatedly tried to resolve this dispute out of court. Movants met and conferred with Mr. Scavino's counsel on October 29, 2024, during which Mr. Scavino's counsel agreed to provide written responses to the Subpoena and share Mr. Scavino's grand jury subpoenas so that Movants could evaluate if a reproduction of those responses could satisfy the Subpoena. After Movants followed up on November 3, November 4, and November 5, Mr. Scavino's counsel provided the grand jury subpoenas. On November 8, Movants confirmed they would accept the grand jury productions as Mr. Scavino's response to the Subpoena. Despite follow-up communications from Movants on November 11, Mr. Scavino's counsel did not respond until November 30, when, in an email related to negotiations about a now withdrawn deposition of Mr. Scavino, he assured Movants that Mr. Scavino would be "concomitantly . . . voluntarily producing the productions Mr. Scavino made to the government in [the January 6th] investigation." Ex. D (email correspondence between Movants' counsel and Mr. Scavino's counsel). Movants inquired about the production on December 5, asking Mr. Scavino's counsel for a response by December 6, but received no response. Ex. E (email correspondence between Movants' counsel and Mr. Scavino's counsel). Unfortunately, Mr. Scavino has not provided Movants with that production or written responses to the Subpoena to date. Movants now have no alternative but to move to compel.

## II.   Intended Motion to Compel

Movants respectfully request a pre-motion conference regarding their intended motion to compel Mr. Scavino's production of documents responsive to the Subpoena's ten document requests.[2] The documents sought are directly relevant to the Underlying Action and are discoverable with minimal burden to Mr. Scavino, who has waived his objections by failing to respond by the original September 13, 2024 deadline.

---

[2] There is a typo in the Subpoena that results in Request 10 being incorrectly enumerated as Request 11.

2

U.S. District Judge
December 9, 2024

    This Court has jurisdiction to enforce the Subpoena against Mr. Scavino because he resides in—and was personally served in—this District. *See NIKE, Inc. v. Wu*, 349 F. Supp. 3d 346, 354 (S.D.N.Y. 2018) ("A district court must have personal jurisdiction over a nonparty to compel it to comply with a Rule 45 subpoena." (citing *Gucci Am., Inc. v. Li*, 125 F.Supp.3d 87, 93 (S.D.N.Y. 2015)); Ex. C.

    The Subpoena seeks records from Mr. Scavino that are relevant to the Underlying Action. The Subpoena's ten requests seek documents and communications concerning Mr. Scavino's involvement in the events giving rise to the Underlying Action (Request 1-6), and documents and communications concerning the substance of tweets—and the editorial processes and protocols for tweeting—from Defendant Donald Trump's Twitter account or other Twitter accounts relevant to the Underlying Action (Requests 7-11). These requests clearly meet the relevance requirement of Rule 26, which is construed liberally and includes information for which "there is any possibility that the information sought may be relevant to the subject matter." *During v. City Univ. of N.Y.*, No. 05-CV-6992, 2006 WL 2192843, at *2 (S.D.N.Y. Aug. 1, 2006) (citations omitted).

    Additionally, the Subpoena does not impose an undue burden on Mr. Scavino. *See* Fed. R. Civ. P. 45(d)(3)(A)(iv). Indeed, Movants have already agreed that Mr. Scavino can reproduce the production he made to grand jury subpoenas, meaning the burden of reproduction to Movants is negligible. *See Bridgeport Music Inc. v. UMG Recordings, Inc.*, No. 05-cv-6430, 2007 WL 4410405, at *2 (S.D.N.Y. Dec. 17, 2007); *Athene Holding Ltd. v. Dang*, No. 23-misc-171, 2023 WL 5348950, at *4 (S.D.N.Y. Aug. 21, 2023) (burden of production to a third party is minimal when reproducing documents).

    Further, Mr. Scavino has waived any objections to the Subpoena. Under Rule 45, written objections "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). Here, that date was September 13, 2024. *See* Ex. B. Mr. Scavino has not asserted any objections and thus has waived them. *Ambac Assurance Corp. v. U.S. Bank Nat'l Ass'n*, No. 117-cv-2614, 2020 WL 526404, at *2 (S.D.N.Y. Feb. 3, 2020).

    For the foregoing reasons, Movants respectfully request that the Court schedule a pre-motion conference and enforce the Subpoena against Mr. Scavino.

Respectfully submitted,

Joshua S. Margolin
Partner

Encl:  Exhibits A-E

Cc:    Daniel J. Scavino Jr.
        Stanley Woodward Jr.